(No. 4312-)

HAZEL D. SWITZER, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1950.*

JOSEPH J. BARR, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Hazel D. Switzer, is the widow of Harry D. Switzer, deceased, who was formerly employed by the Department of Conservation, Division of Forestry, of the State of Illinois. Claimant, his widow, seeks an award for the death of her husband under the provisions of the Workmen's Compensation Act.

At the time of the death of Harry D. Switzer, he was survived by Hazel D. Switzer, his widow, and two children, Harry, 14 years of age, and Susan, aged 4; and said widow and children were totally dependent upon him for their support. His earnings during the year preceding his death were $3,374.12. There is no dispute that both of the parties were operating under the terms and provisions of the Workmen's Compensation Act, and no jurisdictional questions are involved.

The decedent, Harry D. Switzer, on May 19, 1950, while in the course of his employment, went with Mr.

H. C. Frayer, from Elkin, West Virginia, who was employed by the United States Government in the Forest Service, for the purpose of taking a group of foreign foresters to a certain place on a small island in the Mississippi River west of Ware, Union County, Illinois. The foreign foresters were members of the "Poplar Mission," and included Mr. Rene Rol of Nacy, France, Mr. Ola Borset of Solo, Norway, Dr. G. Houtzagers, of Arnhem, Holland, Mr. Spig Wijkstrom of Jonkoping, Sweden, Dr. Wolfgang Wettstein of Vienna, Austria, Mr. Albert Herbignat of Brussels, Belgium, and Mr. Glenn H. Deitschman of the Central States Forest Experiment Station, Carbondale, Illinois. Mr. Frayer under the guidance of Mr. Switzer was engaged in inspecting a stand of cottonwood on a small island in the Mississippi River west of Ware, Union County, Illinois. The island is separated from the Illinois shore by a narrow waterway approximately 100 yards in width. During the summer months in periods of little rainfall, the elevation of the water at this point is low and passable by a roadway, but on the date, May 19, 1950, it was necessary to use a boat. The roadway was covered with approximately 4 or 5 feet of water. Midway between the Illinois shore and the island is a low bridge completely covered by water at this time. The bottom of the channel beneath the bridge is probably 6 to 8 feet below the elevation of the bridge.

Members of the party were ferried to the island three at a time in a flat bottom skiff with Mr. Switzer acting as ferryman. When the party had completed its inspection, and after the boat had been bailed out, three of the visiting foresters—Mr. Rol from France, Dr. Houtzagers from Holland, and Mr. Herbignat from Belgium—embarked in the boat with Mr. Switzer, who sat in the

stern of the boat, and used a single paddle. When the boat reached a point about midway of the crossing at 10 or 12 feet north of the bridge location, the boat seemed to fill rapidly with water, and sank without capsizing. Mr. Switzer, together with the visiting foresters, wore heavy clothing, and had boots on. Apparently Mr. Switzer sank immediately. Mr. Rol, Dr. Houtzagers and Mr. Herbignat were rescued. The boat was in very poor condition. It had numerous open seams in the bottom, and was water-logged. Attempts were made by the parties to locate the body of Mr. Switzer, but their attempts were futile, and he was later recovered by means of a grappling hook.

The coroner's inquest was held on May 20, 1950, and the jury found that Harry D. Switzer came to his death by drowning. The evidence showed that the accident occurred about 4 P.M., and that the body of Harry D. Switzer was recovered at about 6 P.M. the same evening. There was apparently no definite testimony as to just what happened to Harry D. Switzer, and some of the witnesses thought that he might have had a heart attack. However, there is no medical testimony in the record that supports this theory. The claimant, Hazel D. Switzer, testified that her husband, Harry D. Switzer, the decedent, was a man of very good health, and had not been treated prior to his death.

Rollin Moore was employed to take and transcribe the evidence before Commissioner Summers. He submitted a statement in the amount of $26.82, which charges are fair, reasonable and customary.

On the basis of the record, an award is entered in favor of Hazel D. Switzer, widow of Harry D. Switzer, the decedent, in the amount of $7,500.00, to be paid to her as follows:

$ 600.00, which has accrued and is payable forthwith;

$6,900.00, which is payable in weekly installments of $24.00 per week, beginning on the 18th day of November, 1950, for a period of 287 weeks, with an additional final payment of $12.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary.

An award is entered in favor of Rollin Moore for stenographic services in the amount of $26.82, which is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3, "An Act concerning the payment of compensation awards to State employees."